IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID VITUMUKIZA,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN TOM WATSON,<br><br>    Respondent. | CASE NO. 1:24-cv-1102<br><br>DISTRICT JUDGE<br>J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**ORDER** |

On June 12, 2024, pro se Petitioner David Vitumukiza filed a two-ground petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Doc. 1. On September 19, the Warden timely filed a Return of Writ. Doc. 7. On September 23, the Court received Vitumukiza's Motion for leave to amend his petition, which he had filed on August 28.[2] Doc. 8. Vitumukiza seeks leave to add four claims to his petition. *Id.* The Warden filed a brief opposing Vitumukiza's Motion. Doc. 9.

A habeas petitioner may amend his petition "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also Hodges v. Rose*,

---

[1] A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Vitumukiza states that he placed his petition in the prison's mailing system on June 12, 2024. Doc. 1, at 15.

[2] Vitumukiza states that he placed his Motion in the prison's mailing system on August 28, 2024. Doc. 8, at 5. *See Houston*, 487 U.S. at 270.

570 F.2d 643, 649 (6th Cir. 1978); Rule 12, Rules Governing § 2254 Cases in United States District Courts. Federal Rule of Civil Procedure Rule 15(a) in relevant part states:

> (1) A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]

Fed. R. Civ. P. 15(a)(1)(A), (B).

Applying the prison-mailbox rule, Vitumukiza sought leave to amend his petition before the Warden served Vitumukiza with the Return of Writ. And even without the prison-mailbox rule's application, Vitumukiza timely filed his motion for leave to amend under Rule 15(a)(1)(B)—the Court received his motion three days after the Warden filed his Return. So Vitumukiza isn't required to seek leave to amend his petition; under Rule 15(a)(1)(B), he is entitled to amend his petition "as a matter of course." *See, e.g., Coleman v. McConahay*, No. 5:21-cv-1985, 2022 WL 4356210, at *3 (N.D. Ohio Sept. 20, 2022) (finding that the petitioner was entitled to amend his petition once as a matter of course within 21 days after the warden served the return of writ; "[T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading ... the amended rule permits one amendment as a matter of course in response to a responsive pleading") (citing Rule 15(a)(1) advisory committee's note to 2009 amendment); *Kamara v. Warden, London*

*Corr. Inst.*, No. 2:21-cv-2029, 2021 WL 4943344, at *1 (S.D. Ohio Sept. 21, 2021).

The fact that Vitumukiza asked the Court for permission to amend his petition does not alter the fact that he may, as a matter of course, amend his petition. *See Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 25 (D.D.C. 2004) (finding that the plaintiff's motion for leave to amend was unnecessary because the plaintiff sought leave within the timeframe for an amendment as of right under Rule 15(a)(1)); 6 C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. § 1482 (3d ed. July 2024) ("[I]n most cases, a party who makes a motion to amend before the period for amendment as of course has expired does so inadvertently and treating the amendment as if it had been made under Rule 15(a)(1) avoids penalizing the pleader for not understanding the rule."); *see Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (pro se filings should be liberally construed).

And while on August 8, before the Warden was served with the petition, Vitumukiza had asked the Court to "correct an error or amend his application" to correct his name on his petition, Docs. 4, 5, this filing did not amount to an amended petition. The Court permitted Vitumukiza to "amend his name on [the] application." *See* Order, 8/15/2024. Vitumukiza did not submit an amended petition; the only change was that the docket case-caption was updated to reflect Vitumukiza's correct name. *See, e.g., J2 Cloud Servs., Inc. v. Fax87.com*, No. 13-05353, 2017 WL 1737951, at *1 (C.D. Cal. Apr. 28, 2017) (a

3

party's "corrected document to update a caption and docket entry text that fixed typographical errors and made no substantive changes and asserted no additional claims or parties" was not an amended complaint under Rule 15(a)(1)(B)).[3]

The Warden argues that the Court under Federal Rule of Civil Procedure 15(c)[4] should find that Vitumukiza's proposed new claims do not "relate back" to his original petition. Doc. 9, at 2. As a result, the Warden asserts, Vitumukiza's new claims are time-barred, and the Court should deny Vitumukiza's motion for leave to amend his petition because amendment would be futile. *Id.* at 2–3.

There are a number of problems with the Warden's argument. First, the Warden doesn't explain how the relation back doctrine found in Rule 15(c) interacts with Rule 15(a)(1)(B)'s directive that a party may amend its pleadings "once as a matter of course."

Second, the Warden submits that Vitumukiza is attempting to add "two claims," Doc. 9, at 2, but he wants to add four claims. In his petition, Vitumukiza alleged two ineffective assistance of trial counsel claims. Doc. 1, at 5–7. In his motion to amend, he seeks to add the following claims: the trial

---

[3] The Warden does not argue that this case-caption correction amounted to an amended petition under Rule 15(a)(1)(B).

[4] The Warden cites Federal Rule of Civil Procedure 15(c)(2), but the Rule was renumbered in 2007. Rule 15(c)(2) now addresses notice; Rule 15(c)(1)(B) addresses the relation back concept.

court failed to comply with Criminal Rule 11 during the plea hearing ("issue one"), the trial court erred when it imposed consecutive sentences ("issue two"), the trial court erred when it imposed an indefinite term under the Reagan Tokes Law ("issue three"); and appellate counsel was ineffective for not raising on direct appeal an ineffective-assistance-of-counsel claim ("issue four"). Doc. 8, at 2–4. So the Warden leaves unaddressed two of the four issues that Vitumukiza proposes to add to his petition. I decline to evaluate the merits of allowing Vitumukiza to add to his petition two claims that the Warden hasn't addressed.

Third, the Warden provides no analysis as to why he believes that *any* of Vitumukiza's new claims do not relate back to the original claims. He says that two of the claims don't relate back, Doc. 9, at 2, but "[s]aying it does not make it so." *See GTE Serv. Corp. v. FCC*, 205 F.3d 416, 426 (D.C. Cir. 2000). He writes about "Vitumukiza's new claim based on *Brady*,"[5] Doc. 9, at 3, but Vitumukiza hasn't allege a *Brady* claim. Also confusing is the Warden's statement that "Vitumukiza's petition was filed decades outside the statute of limitations," Doc. 9, at 3, in light of the fact that in his Return of Writ the Warden argued that Vitumukiza's petition is time-barred by about one year, Doc. 7, at 8. So the Warden hasn't shown that even if I have discretion under the Federal Rules to deny Vitumukiza's request to amend his petition, that I should exercise that discretion to deny the request.

---

5   *Brady v. Maryland*, 373 U.S. 83 (1963).

Vitumukiza's motion for leave to amend his petition, Doc. 8, falls within the strictures of Federal Rule of Civil Procedure 15(a)(1)(B), so Vitumukiza is permitted to amend his petition as a matter of course. Vitumukiza's amended petition will be filed on the docket. The Warden's supplemental Return of Writ addressing the four new grounds for relief is due 30 days from the date of this order.[6] Vitumukiza's traverse to the supplemental Return will be due 30 days after that.

Dated: October 21, 2024

                                                */s/ James E. Grimes Jr.*
                                                James E. Grimes Jr.
                                                U.S. Magistrate Judge

---

[6]     In the supplemental return, the Warden is free to make any arguments about whether Vitumukiza's new grounds for relief are time-barred.