UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID VITUMUKIZA, | ) | Case No. 1:24-cv-01102 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| TOM WATSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner David Vitumukiza pled guilty to six counts of rape, gross sexual imposition, pandering obscenity, felonious assault with a sexual motivation specification, kidnapping, and tampering with evidence. Petitioner unsuccessfully appealed his State conviction through the Ohio courts. Then, Petitioner sought a writ of habeas corpus on the basis of ineffective assistance of counsel and actual innocence.

In a Report and Recommendation, the Magistrate Judge determined that Petitioner failed to file his habeas petition within the one-year statute of limitations and that Petitioner was not entitled to statutory or equitable tolling, including based on his claim of actual innocence. For these reasons, the Magistrate Judge recommended denying the petition. Petitioner objected to the Magistrate Judge's Report and Recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DENIES** and **DISMISSES** the petition for a

writ of habeas corpus (ECF No. 1; ECF No. 8). Further, the Court **DENIES** a certificate of appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge set forth the factual and procedural history of this case in his Report and Recommendation. (ECF No. 14, PageID #342–49.) In short, on July 4, 2020, a grand jury indicted David Vitumukiza, along with his wife and a friend, on 24 counts related to the rape of an unconscious female victim. (ECF No. 7-1, PageID #53–62.) Mr. Vitumukiza and his accomplices took photographs and videos of the rape, which they shared on social media. (ECF No. 7-2, PageID #255–56.)

### A. State Conviction

Mr. Vitumukiza was arraigned and declared indigent. (ECF No. 7-1, PageID #63.) On March 30, 2021, pursuant to a plea agreement and represented by counsel, Mr. Vitumukiza pled guilty to six counts of rape, gross sexual imposition, pandering obscenity, felonious assault with a sexual motivation specification, kidnapping, and tampering with evidence. (*Id.*, PageID #64.) The plea agreement included a no-contact order, a Tier III sexual offender classification, an immigration notification, and provided that the offenses were not allied offenses of similar import, which afforded the State trial court the discretion to impose consecutive sentences. (ECF No. 7-2, PageID #220–23.) On June 3, 2021, the State trial court sentenced Mr. Vitumukiza to an aggregate term of imprisonment of 18 years. (ECF No. 7-1, PageID #65.) At the change of plea hearing and sentencing, the State trial court

informed Mr. Vitumukiza of his sexual offender classification, post-release control, fines, and costs. (ECF No. 7-2, PageID #232–37 & #256–58.)

### B. Direct Appeal

Through new counsel, Mr. Vitumukiza unsuccessfully challenged his conviction on direct appeal to the State appellate court. (ECF No. 7-1, PageID #143–55.) In his appeal, Mr. Vitumukiza raised three assignments of error that the State trial court (1) failed to advise him of the effect of his guilty pleas; (2) erred in imposing consecutive sentences; and (3) erred in imposing an indefinite term of imprisonment under Ohio's Reagan Tokes Law, which he claimed violated his right to due process under the Ohio and federal Constitutions. (*Id.*, PageID #85.) On April 7, 2022, the State appellate court affirmed the conviction but remanded with instructions for the State trial court to issue a *nunc pro tunc* entry incorporating its consecutive-sentences determinations, which the trial court subsequently did on June 6, 2022. (*Id.*, PageID #155–57.) Mr. Vitumukiza did not appeal.

On November 13, 2023, Mr. Vitumukiza, proceeding *pro se*, filed an application to reopen his direct appeal. (*Id.*, PageID #158–63.) He asserted that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal, making his guilty pleas involuntary. (*Id.*, PageID #161.) On December 12, 2023, Mr. Vitumukiza filed a second application to reopen his direct appeal seeking to raise the same issue. (*Id.*, PageID #164–70.) The State appellate court denied both applications to reopen because they were "untimely without a showing of good cause." (*Id.*, PageID #182.)

3

On February 12, 2024, Mr. Vitumukiza sought review at the Ohio Supreme Court. (*Id.*, PageID #186–88.) This discretionary appeal sought review on the basis of ineffective assistance of trial counsel. (*Id.*, PageID #193.) On April 2, 2024, the Ohio Supreme Court declined to review. (*Id.*, PageID #205.)

### C. Petition for a Writ of Habeas Corpus

On June 12, 2024, Mr. Vitumukiza filed a federal habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner asserted the following grounds for relief: (1) ineffective assistance of trial counsel; (2) the State trial court failed to advise him of the effect of a guilty plea; (3) the State trial court erred in imposing consecutive sentences and an indefinite term of imprisonment; and (4) his appellate counsel was ineffective for failing to raise the ineffective assistance of his trial counsel. (ECF No. 1, PageID #5–7; ECF No. 8, PageID #261–63).

#### C.1. Report and Recommendation

In a Report and Recommendation, the Magistrate Judge recommended that the Court dismiss the petition for a writ of habeas corpus, which would have the effect of denying relief. (ECF No. 14, PageID #356.) In making this recommendation, the Magistrate Judge determined that the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) bars each ground for relief Petitioner asserted. (*Id.*, PageID #349–53.) Specifically, the Magistrate Judge determined that Petitioner's case became final 45 days after the State appellate court affirmed Mr. Vitumukiza's conviction on direct review on April 7, 2022, which commenced running of the limitations period on May 23, 2022, and expired a year later on May 23, 2023. (*Id.*, PageID #351.)

4

Further, the Magistrate Judge reasoned that Petitioner's applications to reopen his direct appeal did not restart the limitations period because they are a collateral proceeding and not a part of direct review, the State appellate court denied them as untimely, and Petitioner filed them after the limitations period expired. (*Id.*, PageID #351–52.) In addition, the Magistrate Judge determined that the State trial court's *nunc pro tunc* entry on June 7, 2022 did not reset the limitations period for Petitioner because it merely corrected the record to accurately reflect the reasons in support of its finding of consecutive sentences and would have been time-barred in any event. (*Id.*, PageID #352–53.)

With respect to equitable tolling, the Magistrate Judge recommends that Petitioner has not shown that he is entitled to equitable tolling due to an alleged language barrier because he had the assistance of an interpreter and was otherwise able to communicate with the courts. (*Id.*, PageID #353–55.) Finally, the Magistrate Judge found no new, reliable evidence that was not presented at trial supporting a claim of actual innocence that would toll the limitations period. (*Id.*, PageID #355–56.)

### C.2. Objections

Petitioner timely objected to the Magistrate Judge's Report and Recommendation. (ECF No. 17.) In his objection, Petitioner contends that his "Circumstances and characteristics should have allowed the one year statute of limitations to be tolled, and the Magistrate Judge's decision, and finding otherwise was in error." (*Id.*, PageID #367.) Specifically, he points to his status as a foreigner

5

who has difficulty with the English language such that he needs an interpreter and his level of educational attainment.

## STANDARD OF REVIEW

A district court judge may direct a Magistrate Judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by Local Rule, *see* L.R. 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Objections must be specific, not general, and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's

6

report and recommendation de novo, based on the specific objections that Petitioner raises.

## ANALYSIS

Where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). The writ tests the fundamental fairness of State court proceedings resulting in the deprivation of an individual's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### I.    Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That deadline runs from the latest of several dates. As relevant here, that one-year period runs from "the date on which the judgment became final by the conclusion of

7

direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). As the Magistrate Judge recognized, the statute required Mr. Vitumukiza to file his petition no later than May 23, 2023 following the expiration of his deadline to seek review on direct appeal from the Ohio Supreme Court. But even using the June 7, 2022 date of the State trial court's entry of the *nunc pro tunc* sentencing order, the statutory deadline for filing a petition for a writ of habeas corpus expired on July 7, 2023. However one counts, Petitioner sought habeas relief too late.

## II. Equitable Tolling

"[C]ourts may review time-barred petitions for habeas corpus under the doctrine of equitable tolling provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "Equitable tolling is granted sparingly and on a case-by-case basis." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). The petitioner bears the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Id.* (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

For equitable tolling to be available, a petitioner must demonstrate that (1) he has been "pursuing his rights diligently" and (2) "some extraordinary circumstance" prevented him from timely filing the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An "extraordinary circumstance" means a circumstance "beyond the control of the

8

litigant and unavoidable with reasonable diligence." *Keeling*, 673 F.3d at 462 (citing *Robinson*, 424 F. App'x at 442). The Court begins and ends its analysis with whether Petitioner's status as a foreigner with limited proficiency in English constitutes an extraordinary circumstance that makes equitable tolling available to him.

### II.A. Lack of Proficiency in English

Petitioner contends that he is entitled to equitable tolling "due to his circumstances of being a foreigner" and "not being able to competently speak or understand the English language." (ECF No. 17, PageID #367.) Under the law of this Circuit, however, a petitioner's lack of proficiency in English that has not prevented him from accessing the courts "is insufficient to justify equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

### II.B. Access to the Courts

Under this standard, then, Petitioner must establish more than just a language barrier. He must demonstrate that such a barrier prevented him from access to the courts. He points to various circumstances beyond just his language proficiency, which the Court considers in turn.

#### II.B.1. Translator

Petitioner argues that "him needing an interpreter in court and not having access to one here in [his] prison" supports equitable tolling. (ECF No. 17, PageID #367.) But "[i]n general, the existence of a translator who can read and write English

9

and who assists a petitioner during his appellate proceedings implies that a petitioner will not have reasonable cause for remaining ignorant of the legal requirement for filing his claim." *Cobas*, 306 F.3d at 444 (citation omitted) (cleaned up). In *Cobas*, the Sixth Circuit pointed to several facts demonstrating that a language barrier did not prevent access to the courts: access to an interpreter at trial, the ability to understand English to some degree, and the ability to file post-conviction motions in the State courts as well as a habeas petition. *Id.*

As the Magistrate Judge noted, the record demonstrates that Mr. Vitumukiza had access to an interpreter in the State trial court who translated the proceedings to him. (ECF No. 7-2, PageID #220.) Moreover, that record shows that Mr. Vitumukiza had some level of understanding of the English language during the State court proceedings. As just one example, when the State trial court inquired whether Mr. Vitumukiza was satisfied with his counsel, he responded without an interpreter: "I don't have any problem. All right?" (*Id.*, PageID #229–30.)

Even if no translator was available to Petitioner during his incarceration, he filed his petition and other papers in English. Petitioner claims that he had to "rely on inmates" to assist him with the law. (ECF No. 17, PageID #367.) But this argument shows that he had sufficient access to support and was not prevented from access to the courts. And he did not claim that he lacked access to legal materials or help.

Therefore, the record and Petitioner's filings in both the State courts and in connection with his habeas petition demonstrate sufficient language assistance for

10

him to protect and vindicate his rights. Therefore, Petitioner has not demonstrated a lack of access to translators or language assistance sufficient to warrant equitable tolling in this case.

### II.B.2. Assistance of Others

Petitioner claims that inmates on whom he must rely for assistance misadvised him "regarding his options and timeframes and his rights." (*Id.*) However, the fact that Petitioner "received assistance in drafting" his post-conviction motions and his habeas petition demonstrate that "he was clearly able to communicate with the person who helped him." *Cobas*, 306 F.3d at 444. Further, bad advice from fellow inmates or those who are not his lawyers does not present grounds for equitable tolling.

### II.B.3. Lack of Education

Petitioner argues that he is also entitled to equitable tolling due to his lack of education generally and lack of knowledge about the law in particular. (ECF No. 17, PageID #367.) "Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.'" *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999). And the Supreme Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005). Therefore, Mr. Vitumukiza's lack of education and unfamiliarity with the law do not support equitable tolling.

\*   \*   \*

Each of Petitioner's arguments for equitable tolling fails to establish a basis for equitable tolling for the reasons explained. Further, the Court has considered them collectively and reaches the same determination. For all these reasons, the Court **OVERRULES** Petitioner's objection to the Magistrate Judge's Report and Recommendation.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists could find the Court's determination of his petition fairly debatable. Further, where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further . . . no appeal is

12

warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For these reasons, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus (ECF No. 1; ECF No. 8). Further, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

Dated: April 10, 2025

 

J. Philip Calabrese
United States District Judge
Northern District of Ohio